# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPHAL MUA, *et al.* | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil Action No. PJM 14-3810 |
| | * | |
| CALIFORNIA CASUALTY | * | |
| INDEMNITY EXCHANGE, *et al.* | * | |
| | * | |
| Defendants | * | |
| | * | |
| * * * * * * * * * * | | |
| | * | |
| CALIFORNIA CASUALTY | * | |
| INDEMNITY EXCHANGE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. PJM 15-60 |
| | * | |
| JOSEPHAT MUA, *et al.* | * | |
| | * | |
| Defendants | * | |

## **MEMORANDUM OPINION**

These cases cry out for the imposition of sanctions against Josephat Mua and Francoise Vandenplas (*Pro Se* <u>Plaintiffs</u> in Civil No. PJM 14-3810 and *Pro Se* <u>Defendants</u> in Civil No. PJM 15-60) (hereafter "Plaintiffs/Defendants"). In both State and Federal Court they have litigated over and over the same questions against essentially the same Defendants, occasionally adding one or more new Defendants along the way. Their

-1-

claims have been rejected by virtually every Court at every level that has considered them.

The Court now has before it Motions for Attorneys' Fees and Costs in two cases filed by California Casualty Indemnity Exchange (CCIE) (Defendant in Civil No. PJM 14-3810 & Plaintiff in Civil No. PJM 15-60) and the firm of Marsden & Seledee, LCC (Defendant in Civil No. PJM 14-3810).

The Court has decided not to impose sanctions in these cases and will deny the motions <u>without prejudice</u>. The Court reaches this conclusion very reluctantly.

First, far too much Court time (not only in this Court but in other courts) has been spent dealing with the claims of Plaintiffs/Defendants. They are so farfetched, even fantastical, that the Court can only believe that Plaintiffs/Defendants simply do not understand the legal system and its procedures, but simply plunge ahead heedlessly, filing one lawsuit after another, both in State and Federal Court.

It is not simply a matter of having to rehash in a lengthy opinion all the reasons why monetary sanctions should be imposed, though, to be sure, far too much Court time has in fact been taken in dealing with the claims of Plaintiffs/Defendants. Given how they have approached these cases in the past, Plaintiffs/Defendants have given every indication that they will continue to pursue their litigation notwithstanding a court order that would impose monetary sanctions against them.

That would not only absorb more Court time; more importantly it would require the Defendants to spend even more time defending against their filings.

The Court is searching for some reasonable way to close the door on Plaintiffs/Defendants in these matters.

It is perhaps small consolation to Defendants that their motions for sanctions will be denied at this time, but the Court wishes to be clear that the motions will be denied <u>without prejudice</u>.

Plaintiffs/Defendants Mua and Vandeplas are given fair warning.  If in any fashion, they persist in pursuing or filing these repeated cases, the Court will entertain a motion by Defendants to reopen the present cases, revive their requests for sanctions in the cases and, if appropriate, impose new and further sanctions in connection with any subsequent filings.

Plaintiffs/Defendants are very much in need of a reality check such that, if they have not consulted an attorney in the past, they should do so without delay, in order to understand how totally implausible their claims have been.

The Motions for Attorneys' Fees and Costs (Sanctions) will be DENIED WITHOUT PREJUDICE.

A separate Order will issue.

The cases have otherwise already been closed.

**August 24, 2016**

                                                 /s/
                                    **PETER J. MESSITTE**
                                **UNITED STATES DISTRICT JUDGE**